IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DAVID CONKLIN, #1117195 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:11cv450 |
| DIRECTOR, TDCJ-CID, ET AL. | § | |

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION

Plaintiff David Conklin, a prisoner confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On December 12, 2011, the Magistrate Judge issued a Report and Recommendation (R&R) that Plaintiff's pleading entitled "Order to Show Cause for an Preliminary Injunction and a Temporary Restraining Order" (docket entry #14), construed as a Motion for a Temporary Restraining Order and/or Preliminary Injunction, should be denied. *See Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008); *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). No objections having been filed within 14 days, on December 30, 2012, the District Court adopted the R&R and denied the motion.

However, Plaintiff filed objections on December 30 also, concurrently with the Court's denial of injunctive relief. Subsequently, Plaintiff filed the instant Motion for Reconsideration (docket entry #35), asserting in part that he had been in lockdown status when he received the R&R, which contributed to a delay in mailing his objections. Nonetheless, he argued, he had timely placed the

1

objections in the mail and sought reconsideration on the grounds stated in those objections. Although he cites a number of case authorities in his filing, Petitioner has not specifically identified a basis for seeking reconsideration of the Court's denial.

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La. 2000)).

If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took

effect on December 1 2009).[1] In this case, Plaintiff's motion for reconsideration was filed on January 9, 2012, well within the 28 day period required for a Rule 59(e) motion; therefore, the Court will construe the motion as one under Rule 59(e).

Rule 59(e) notwithstanding, Plaintiff has stated no reason or basis for the Court to reconsider, amend or alter its decision. First, the Court observes that Plaintiff filed a 41-page set of "objections" that is well in excess of the 20 page limit set in E.D. Tex. Local Rule CV-3(b). Plaintiff is admonished that filings in excess of the 20 page limit, without leave to do so, may be stricken. In this case, the Court has reviewed the objections, most of which are more in the nature of repetitive and unnecessary arguments on the merits of his basic claims. With regard to the portions that actually address the issues in the R&R, Plaintiff has not met the standards of Fed. R. Civ. P. 65.

As to success on the merits of his underlying claim, Plaintiff's objections are conclusory and essentially state that he will prevail because of the claim itself.

Plaintiff's original complaint addressed perceived shortfalls in the law library at the East Texas Intermediate Sanction Facility, allegedly run by the Management & Training Corporation. He has filed at least three changes of address since then, including at least two prior to his motion for injunctive relief and instant motion for reconsideration. He cannot show a threat of irreparable harm relating to the conditions of which he complains, when he is no longer located at that facility. His complaints of mail delivery and receipt state little or no relationship to his original grounds for complaint. Moreover, his contention of inadequate legal reference material and mailing supplies

---

[1] Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

(i.e., paper, envelopes, etc.) are belied by the very volume and content, including extensive citation to legal authority, of the pleadings he has freely filed in this Court.

Plaintiff has not shown that he is entitled to injunctive relief. It is accordingly

**ORDERED** that Plaintiff's Motion for Reconsideration (docket entry #35) pursuant to Fed. R. Civ. P. 59(e), is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 26th day of March, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE